```
                UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
GERARDO MODESTI                 :
                                :       No.:
     v.                         :
                                :       JURY TRIAL DEMAND
QVC NETWORK, INC.               :
_____
```

CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12111 et seq. (hereinafter "ADA"). This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEOC on December 19, 2023.

PARTIES

2. Plaintiff Gerardo Modesti is an adult individual who resides at 101 North 3rd Street, Apt. 304, Allentown, PA 18101.

3. Defendant, QVC Network, Inc., is a corporation with a place of business located at 3419 Commerce Center Blvd., Bethlehem, PA 18015, which is located in this Judicial District in Northampton County, Pennsylvania.

4. Defendant is believed to employ more than 501 people.

5. On or about July 28, 2022, plaintiff commenced employment with defendant as a full-time Maintenance Technician I at defendant's Bethlehem, PA warehouse facility, which is located in this Judicial District in Northampton County, Pennsylvania.

6. At all times, plaintiff performed his job for defendant in a satisfactory manner.

7. On or before May 22, 2023, plaintiff was diagnosed with depression, anxiety, and an enlarged prostate.

8. Anxiety and depression are also disabilities pursuant to the ADA because they affect at least one major life activity including but not limited to concentration.

9. An enlarged prostate is a disability pursuant to the ADA because it affects at least one major life activity including but not limited to urinary tract function.

10. On or about May 22, 2023, plaintiff notified defendant that he would need to take medical leave due to his medical conditions, because of his constant need to urinate and his inability to concentrate and work.

11. Plaintiff was approved for short term disability starting on May 22, 2023, and he qualified for FMLA protection as of his one-year anniversary on July 28, 2023.

12.  During the time he was on leave, plaintiff received an email asking him to resign from work, but he refused to resign.

13.  Plaintiff remained out of work until August 30, 2023.

14.  Less than two weeks after his return to work with the defendant, plaintiff was accused by his supervisor of riding a tricycle on the warehouse floor in an unsafe manner.

15.  Plaintiff was not involved in any accidents involving the tricycle at the workplace and no one was injured, and no property was damaged, but his supervisors accused him of unsafe operation of the tricycle-- specifically, bringing the tricycle to a "rolling stop."

16.  On September 12, 2023, plaintiff was informed that he was terminated purportedly due to his alleged unsafe operation of the tricycle.

17.  Defendant's proffered reason for terminating plaintiff's employment was mere pretext designed to cover up the true unlawful reason for his termination.

18.  Plaintiff was never trained on how to "properly" stop the tricycle, and he was never warned that he operated the tricycle in an improper manner.

19.  The true reason why plaintiff was terminated by defendant was because of all or some of the following motivating factors:  (1) he suffered from disabilities and was perceived as being unable to perform the job; (2) he requested an

accommodation for his disabilities by filing for short term disability; (3) he requested an accommodation for his disabilities by requesting and taking FMLA protected leave; and (4) he took FMLA protected leave.

COUNT 1
VIOLATION OF THE ADA

20. Plaintiff repeats paragraphs 1-19 as if more fully set forth herein.

21. Plaintiff's aforementioned medical conditions qualified as disabilities pursuant to the ADA as set forth herein above.

22. Upon learning of plaintiff's disabilities, whether they were actual or perceived, defendant believed that plaintiff was a liability due to suffering from these disabilities and defendant wrongly believed that plaintiff would continue to have unreliable attendance and performance issues as a result.

23. It is due to these stereotypical beliefs that defendant decided to terminate plaintiff's employment.

27. Defendant's actions violated the ADA.

28. Defendant is responsible for the actions of plaintiff's supervisors who had the power to hire, fire and discipline him.

29.    Plaintiff was subjected lost pay and other financial losses, humiliation, embarrassment, and mental anguish as a consequence of defendant's unlawful termination of plaintiff.

30.    Defendant and its management employees acted with malice by intentionally discriminating against plaintiff and by terminating him because of his disabilities and/or perceived disabilities.

31. By and through its conduct, the defendant violated the ADA by intentionally discriminating against the plaintiff and by terminating him because of his disabilities and/or perceived disabilities.

32.    But for plaintiff's disclosure of his disabilities and treatments, he would have been retained as an employee by defendant.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 1 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

## COUNT 2
## VIOLATION OF THE ADA

32. Plaintiff repeats paragraphs 1-31 as if more fully set forth herein.

33. As set forth herein above, plaintiff requested multiple reasonable accommodations for his disabilities including requesting short term disability leave and FMLA protected leave.

34. These accommodations were reasonable in that short term disability leave was provided as a benefit by defendant and was approved after plaintiff properly applied, and because FMLA protected leave is mandated by the law.

35. As set forth above, defendant retaliated against plaintiff for requesting these accommodations, by terminating his employment for pretextual reasons shortly after his return from short term disability and FMLA protected leave.

36. Defendant's actions violated the ADA.

37. Defendant is responsible for the actions of plaintiff's supervisors who had the power to hire, fire and discipline him.

38. Plaintiff was subjected to lost pay and other financial losses, humiliation, embarrassment, and mental anguish as a consequence of defendant's unlawful termination of plaintiff.

39. Defendant and its management employees acted with malice by intentionally discriminating against plaintiff and by

terminating him because he requested and took accommodations for his disabilities.

40. By and through its conduct, the defendant violated the ADA by intentionally discriminating against the plaintiff and by terminating him because he requested and took accommodations for his disabilities.

41. Plaintiff's aforementioned requests for FMLA leave were also requests for reasonable accommodation for his disabilities pursuant to the ADA.

42. But for plaintiff's request for accommodations, he would have been retained as an employee by defendant.

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 2 against defendant for lost pay, lost bonuses, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys' fees, costs, interest, and any other relief that this Honorable Court deems to be fair and proper.

## COUNT 3
### VIOLATION OF THE FMLA

43. Plaintiff repeats paragraphs 1-42 as if more fully set forth herein.

44. Plaintiff's medical conditions were all serious and/or chronic health condition as defined by the Family and Medical Leave Act of 1993 (hereinafter "FMLA").

45. Defendant employed 50 or more people within a 75-mile radius of its Bethlehem and Hellertown offices.

46. In the one year prior to July 28, 2023, plaintiff worked more than 1250 hours for defendant and thus was otherwise qualified to take FMLA protected leave for up to 12 weeks for the 12 months following July 28, 2023.

47. Plaintiff's treating doctors were health care providers as defined by the FMLA.

48. Plaintiff was always on a plan of continuing treatment by his health care providers for his aforementioned serious and/or chronic health condition.

49. Plaintiff provided notice to defendant of his need for FMLA protected leave as soon as was practicable as required by the FMLA.

50. Plaintiff was qualified for and otherwise entitled to take intermittent FMLA leave for himself commencing May 22, 2023.

51. Defendant acted by and through its agents who had authority to hire, fire, and discipline plaintiff.

52. Plaintiff contends that he was unlawfully terminated by defendant in violation of the FMLA.

53. Had plaintiff not needed to take FMLA protected leave for his medical conditions, defendant would not have terminated plaintiff.

54. As a direct result of defendant's unlawful termination of plaintiff's employment, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses.

55. Plaintiff has and will be engaged in great efforts to mitigate his damages by searching for new employment, but he has to date, and may in the future be, unsuccessful in his efforts to find equivalent employment.

56. Defendant and its agents violated the FMLA by terminating plaintiff because he exercised his rights under the FMLA and took and requested FMLA protected leave.

57. Defendant and its agents violated the FMLA by terminating plaintiff in retaliation for requesting and/or taking FMLA protected leave.

58. Plaintiff is entitled to recover actual economic damages including back pay and front pay and other economic damages.

59. Plaintiff is entitled to recover liquidated damages in an amount equal to actual damages because defendant and its agents intentionally, and/or in bad faith, violated the FMLA.

60. Plaintiff is entitled to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

61. Plaintiff is entitled to reinstatement of his employment.

62. But for plaintiff's request for accommodations, he would have been retained as an employee by defendant

WHEREFORE, plaintiff demands that judgment be entered in his favor on Count 3 against defendant for lost pay, lost benefits, other financial losses, liquidated damages, reasonable attorneys' fees and costs, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

## COUNT 4
## VIOLATION OF 29 U.S.C. § 1140

63. Plaintiff repeats paragraphs 1-62 as if more fully set forth herein.

64. Defendant is the administrator of its short-term disability plan ("STD Plan").

65. As an employee of defendant, Plaintiff was a participant in the said STD Plan while he was employed by defendant.

66. The STD Plan promised to provide short term disability benefits to employees of defendant, including plaintiff, if they are unable to work due to sickness or injury.

67. As indicated herein above, plaintiff applied for and took short-term disability leave from about May 22, 2023 through August 30, 2023.

68. 29 U.S.C. § 1140 of ERISA sets forth in part that ". . . [i]t shall be unlawful for any person to discharge,. . . expel, . . . or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .."

69. As indicated herein above, and in the alternate to, or together with, Counts 1-3 above, defendant terminated plaintiff because he exercised his right to take leave pursuant to defendant's STD Plan.

70. By and through its conduct, defendant violated 29 U.S.C. § 1140 of ERISA by terminating plaintiff in substantial part because he exercised his right to apply for and receive short term disability benefits.

WHEREFORE, Plaintiff demands judgment on Count 4 and against defendant for equitable relief in the form of reinstatement to his previous employment position or an amount of money equal to his lost pay resulting from defendant's violation of ERISA, reasonable attorney's fees and costs, and such other relief as the Court deems just and fair.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street, Ste. 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com
Attorneys for Plaintiff